UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:12CV246 CDP |
| CHICAGO BANCORP, INC., | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to require separate pleading of plaintiff's claims, pursuant to Federal Rule of Civil Procedure 10(b). Because I conclude that plaintiff's complaint clearly states each of its claims against defendant, I will deny the motion to require separate pleading.

## Background

Plaintiff CitiMortgage, Inc. ("CMI") filed its complaint on February 10, 2012. The complaint alleges that plaintiff is in the business of purchasing, reselling, and servicing residential mortgage loans on the secondary mortgage market, and it purchased loans from defendant Chicago Bancorp, Inc. ("Bancorp") since at least 2004. The parties' relationship is governed by a contract entitled "Correspondent Agreement Form 200," dated April 12, 2004, which incorporates a Delegated Underwriting Addendum dated June 30, 2005; a CMI Select Addendum dated August 15, 2007; and a CMI Correspondent Manual.

Based on this contract and related documents, CMI brought a one-count complaint against Bancorp, alleging breach of contract. CMI alleges that Bancorp breached the contract term requiring it to cure or repurchase loans that do not conform to the contract, as related to the sales of eleven specific loans from Bancorp to CMI. Essentially, CMI claims that Bancorp "delivered loans that failed to conform to the terms of the [contract] and subsequently refused to cure those nonconforming loans or repurchase those loans" as required by the contract. (Compl. at 7). For each of those eleven loans, CMI alleges the dates on which it demanded cure or repurchase of the loan, as well as the specific ways in which the loan did not comply with the contract. The complaint seeks damages in excess of $2,000,000; costs and fees; pre- and post-judgment interest; and an order requiring Bancorp to perform its obligations under the contract to cure or repurchase the defective loans.

## Discussion

Federal Rule of Civil Procedure 10(b) explains the procedure to be followed in alleging multiple claims or defenses as follows:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). "Under Rule 10(b), a separation of claims into separate counts is mandatory only when necessary to facilitate clear presentation." *Original Ballet Russe v. Ballet Theatre*, 133 F.2d 187, 189 (2d Cir. 1943). "The use of separate counts becomes increasingly important when a plaintiff files suit against multiple . . . defendants and alleges various claims against each." *Country Classics at Morgan Hill Homeowners' Ass'n, Inc. v. Country Classics at Morgan Hill, LLC*, 780 F. Supp. 2d 367, 372 (E.D. Pa. 2011) (internal quotation marks and citation omitted).

In this case, plaintiff's breach of contract claim arises from one single contract between the parties, despite the presence of additional addendums or other documents that have been incorporated into that contract. As required by Federal Rule of Civil Procedure 10(b), CMI has stated its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," that circumstance being the specific loan that allegedly failed to comply with the contract. Each instance of alleged breach of contract relates to a single contractual provision: the requirement that Bancorp cure or repurchase defective loans. Further, each allegation sets forth the specific defects in each loan that form the basis for CMI's demand that Bancorp cure or repurchase that individual loan. Despite defendant's contention that it may raise different defenses as to each loan,

it can clearly do so because each allegation is separately delineated in a numbered paragraph that includes all information pertinent to that breach.

Although CMI could have separated each loan that allegedly breached the contract into a separate count of breach of contract, such pleading strategy is not necessary for a clear understanding of CMI's claims against Bancorp. CMI's complaint adequately sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought," as required by Federal Rule of Civil Procedure 8(a). Therefore, it is not necessary for CMI to plead its claims against Bancorp in separate counts.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to require pleading in separate counts [#7] is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2012.