UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:12-cv-00246-CDP |
| CHICAGO BANCORP, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**STIPULATED PROTECTIVE ORDER UNDER RULE 56.01(c)**

It appearing to the Court that a Protective Order under Federal Rule of Civil Procedure 26(c) is necessary, appropriate, and will facilitate discovery of confidential, proprietary, commercially sensitive, trade secret, and privileged information, and that both parties hereto so agree, IT IS HEREBY ORDERED THAT:

1. Introduction and Scope.

This action involves, among other things, confidential and/or proprietary information of the parties and/or third parties. More specifically:

    a. This action relates to residential mortgage loan applications, and as such, may require the disclosure of consumers' personal financial data and related information. This Protective Order shall protect against the disclosure of such confidential and private information that should not be publicly available and shall govern any designated record or information produced in this action, including all designated motions and other papers submitted to the Court, all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials,

1

whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, subpoenas, or other formal method of discovery.

        b.      Discovery in this case may also involve the production by the parties and/or third parties of certain information and documents that may include confidential commercial and proprietary information concerning the parties and/or unrelated third-parties, including, but not limited to confidential and/or proprietary information relating to processes, procedures, technical, and/or financial information, the unprotected disclosure of which might have an adverse and detrimental impact on the legitimate business interests of the disclosing party.

    2.      <u>Designation – Materials Covered</u>.

        a.      All documentation and information that disclose a consumer's personal financial data are hereby designated confidential and are to be treated as confidential, protected information regardless of whether individually designated as such. b.      Each party shall also have the right to designate as confidential and subject to this Protective Order any thing, information, document, or portion of any document produced or prepared by it in this litigation which the producing party deems to contain trade secrets, proprietary data, commercially sensitive, or other confidential information, including without limitation, technical, sales, marketing, vendors, underwriting, employee, business, financial, privacy, and other proprietary information ("Confidential Information").

    3.      <u>Designation – Process</u>.

The designation of material as confidential shall be made by stamping each page of a document containing Confidential Information with the legend, "CONFIDENTIAL," at or

before production to the receiving party. In the event a party inadvertently produces Confidential Information without such legend, that party shall promptly furnish written notice to the receiving party that the Confidential Information is designated CONFIDENTIAL under this Protective Order along with appropriately labeled copies of the Confidential Information. Such post-production designation of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Protective Order, and shall not entitle the receiving party or its attorneys to disclose such information in violation of this Protective Order. Any Confidential Information not reduced to documentary, electronic, tangible, or physical form, or which cannot be easily stamped may be designated by providing written notice of such designation and the designation of any storage media shall extend to the contents of such storage media. Materials provided for inspection by a party's counsel need not be designated as Confidential Information until copies of the materials are requested after inspection and selection by counsel. Making Confidential Information available for inspection shall not constitute a waiver of any claim of confidentiality, or privilege, and all materials provided for inspection by a party's counsel shall be treated as though designated as CONFIDENTIAL.

4. Limit on Use of Confidential Information.

Each party and all persons bound by the terms of this Protective Order shall use any Confidential Information governed by this Protective Order only for the purpose of prosecution, defense, or settlement of the captioned action; no party or other person shall use or disclose any Confidential Information governed by this Protective Order for any purpose other than the prosecution, defense, or settlement of the captioned action. No person receiving Confidential

Information shall disclose it to anyone except as expressly allowed by this Protective Order.

5.  "Confidential" Material.

Except as otherwise provided by written stipulation of the parties, or by further order of the Court, Confidential Information designated as CONFIDENTIAL shall only be disclosed by the receiving party on a need-to-know basis (i.e., for the purposes set forth in Paragraph 4 herein) and only to:

    a.    Outside counsel of record in this action, including those lawyers and support staff regularly employed by the law firm of outside counsel of record in the action and the Party's in-house counsel and their support personnel to whom disclosure is reasonably necessary for purposes of this litigation.

    b.    The Party's officers, directors, and employees to whom disclosure is reasonably necessary for purposes of this litigation.

    c.    Experts (whether acting as testifying experts or non-testifying consultants) and their staff retained by the receiving party for the purpose of providing advice, an expert opinion and/or testifying at the trial at this matter, and subject to Paragraph 6 herein.

    d.    Non-parties specifically retained to assist the attorneys of record or a party in copying or computer coding of documents, organizing, filing, translating, converting, storing or retrieving data, or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, but only for purposes of performing such services in connection with this litigation.

    e.    Witnesses at trial or deposition, but only to the extent necessary to elicit information relevant to this action and provided that individuals who are neither parties nor

counsel in this action and who are not retained as independent experts or consultants shall not retain Confidential Information provided to them pursuant to this paragraph.

      f.      The Court and its personnel.

      g.      Mediators engaged by the parties to assist in this action.

      h.      The Party's insurers, but only for purposes of this proceeding.

      i.      The jury for purposes of trial.

      j.      Court reporters and videographers retained in connection with this action.

6.      <u>Agreement To Be Bound By Protective Order</u>.

A party desiring to disclose Confidential Information to the individuals listed in Paragraph 5 herein, other than persons identified in Paragraph 5(a), the Court, Court personnel, jury, or witnesses to whom such information will be disclosed only during questioning at deposition or trial in accordance with Paragraph 5(e), shall first obtain from each individual a signed undertaking in the form of Exhibit A hereto.

7.      <u>Related Documents</u>.

Confidential Information designated CONFIDENTIAL shall include (a) all copies, extracts, and complete or partial summaries prepared from such information; (b) documents that incorporate or otherwise reflect confidential information; (c) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it; (d) portions of affidavits, briefs, memoranda, or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it; (e) deposition testimony designated in accordance with Paragraph 8 herein; and (f) testimony taken at a hearing or other proceeding that is designated in

accordance with Paragraph 8 herein.

8.   Designation of Deposition Transcripts.

Deposition transcripts, or portions thereof, as well as exhibits that have not otherwise been designated pursuant to this Protective Order may be designated as subject to this Protective Order either:

   a. At the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked CONFIDENTIAL by the reporter, as the designating party may direct; or

   b. Within thirty (30) calendar days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

All deposition transcripts not previously designated shall be treated as CONFIDENTIAL for a period of thirty (30) calendar days after receipt of the transcript, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 5 herein, to review documents or materials designated CONFIDENTIAL on behalf of that non-designating party.

Aside from professional translators, stenographic reporters, and videographers, the designating party shall have the right to exclude from a deposition before the taking of testimony which the designating party designates as confidential subject to this Protective Order all persons except the deponent, counsel for the deponent, and any person authorized to receive disclosure under Paragraph 5 herein.

9. Designation of Hearing Testimony or Argument.

With respect to testimony elicited and exhibits marked during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of Confidential Information that should be kept CONFIDENTIAL, counsel may designate on the record before the close of the hearing or proceeding all protected testimony or argument, and further specify any portion of the testimony or argument that qualify as CONFIDENTIAL. Unless the Court orders otherwise, in the event the record of the hearing or proceeding is transcribed, the following shall apply: The transcript of the proceeding shall initially be treated as CONFIDENTIAL information. Thirty (30) calendar days after receiving the transcript of the hearing or proceeding, a party shall identify those portions of the transcript that are to remain designated as CONFIDENTIAL.

Whenever matter designated as CONFIDENTIAL is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may, with permission of the Court only, exclude from the room any person who is not entitled under this Protective Order to receive information designated as CONFIDENTIAL.

10. Disclosure to Author or Recipient.

Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing any document, whether or not designated as CONFIDENTIAL, to any person whom the document clearly identifies as the author or a recipient of such document and regardless of designation pursuant to this Protective Order, but only for the purposes set forth in Paragraph 4 herein. The person viewing such documents shall not be permitted to retain copies of any of the documents, unless that person is authorized to do

so under other provisions of this Protective Order.

11.  Designation of Documents Under Seal.

Any Confidential Information designated CONFIDENTIAL, if filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by this Protective Order. The party filing any paper that reflects, contains, or includes any Confidential Information subject to this Protective Order shall file such paper in accordance with the Court's practice and procedure.

At the conclusion of this action, any materials filed with the Court under seal shall be kept under seal or be returned to the party filing it for disposition as provided for in Paragraph 19 herein.

12.  Confidentiality of Party's Own Documents.

No person may disclose any Confidential Information, except as provided in this Protective Order; but nothing herein shall affect the right of a party to disclose its own Confidential Information which it has designated as CONFIDENTIAL to its officers, directors, employees, consultant, or experts, or to any non-party. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of this Protective Order.

13.  Use Of Confidential Information.

Any party may mark any Confidential Information designated as CONFIDENTIAL as an exhibit to a deposition, hearing, or other proceeding and examine any witness who is permitted under the terms of this Protective Order to view such material, provided the exhibit and related transcript pages receive the same type of confidentiality designation as the original document.

14. <u>Other Protections; Challenge to Confidentiality Designation</u>.

This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of Confidential Information, or other discovery material as such party may consider appropriate. Nor shall any party be precluded from: (a) claiming that any Confidential Information is not entitled to the protections of this Protective Order; (b) applying to the Court for an order permitting a disclosure or use of Confidential Information otherwise prohibited by this Protective Order; or (c) applying for an order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

15. <u>Prior or Public Knowledge</u>.

The restrictions and obligations set forth herein relating to documents and things marked CONFIDENTIAL shall not apply to any information which the parties agree in writing, or if they are unable to agree, the Court determines was or becomes public knowledge other than as a result of disclosure by the receiving party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person about any documents or things marked CONFIDENTIAL if that person already had or obtained lawful possession thereof other than pursuant to this Protective Order. Nothing in this Protective Order shall affect or restrict use or disclosure of documents or things obtained other than through discovery pursuant to this Protective Order.

16. <u>Limitation of Protective Order</u>.

This Protective Order does not preclude any party from seeking further relief or protective orders form the Court as may be appropriate under the Federal Rules of Civil

Procedure or other applicable law.

17. <u>Confidential Information Produced by Non-Parties.</u>

The terms of this Protective Order shall be applicable to CONFIDENTIAL information produced by a non-party to this action. A non-party shall have: (a) the same right as a party to designate any such information under this Protective Order; and (b) standing to enforce the terms of this Protective Order with respect to disclosure and use of that non-party's designated information.

In the event a party or non-party (the "Producing Party") produces or discloses documents or information that another party (the "Receiving Party") believes constitutes its own CONFIDENTIAL information, the Receiving Party may designate such documents or information as CONFIDENTIAL pursuant to the terms of this Protective Order.

Within seven (7) days of the Receiving Party's designation, the Producing Party shall re-produce the material with the appropriate CONFIDENTIAL legend affixed.

If the Producing Party disagrees with the CONFIDENTIAL designation, then the Producing Party may within seven (7) days of the Receiving Party's designation, notify the Receiving Party of its objection. If, the parties cannot then reach agreement with regard to the confidential status of such material, the Producing Party may, in accordance with Paragraph fourteen (14) of this Order, apply for a ruling from the Court to allow the disclosure of such information. Once designated as CONFIDENTIAL, The Producing Party and any other Receiving Party must take all reasonable and necessary measures to limit access to the CONFIDENTIAL information consistent with the terms of this Protective Order unless and until such time as the parties agree to remove such designation or this Court has entered an order

allowing disclosure of such material.

In addition, if any non-party is under an obligation of confidentiality to a party ("Obliging Party"), the Obliging Party may designate any such information as CONFIDENTIAL. Any other party ("Requesting Party") obtaining any materials from such a non-party shall provide immediate and simultaneous access to the information to the Obliging Party. The Obliging Party shall have ten (10) calendar days to notify the Requesting Party of the status of the materials. In the interim, any materials obtained from such a non-party by the Receiving Party shall be treated by the Receiving Party as if designated CONFIDENTIAL. The Obliging Party may request that the Receiving Party label and number such materials according to the designation and provide a copy of the labeled and numbered materials to the Obliging Party. The Receiving Party shall, at its option, either (a) comply with that request or (b) produce its set of non-party materials to the Obliging Party as they were produced to the Receiving Party and the Obliging Party will, within five (5) business days, label and number the materials according to the designation and provide a copy of the labeled and numbered materials to the Receiving Party. Any party who receives from a non-party Confidential Information that has not been designated CONFIDENTIAL may itself designate the Confidential Information as CONFIDENTIAL pursuant to the provisions of this Protective Order.

18. Compulsory Service from a Non-party.

If a party in possession of Information designated CONFIDENTIAL is served with a valid subpoena, document request, interrogatories or other compulsory process from a non-party to this Protective Order seeking production or other disclosure of such designated information, such party ("Subpoenaed Party") shall, within five (5) business days, give prompt written notice

to counsel for the party who designated the Confidential Information as CONFIDENTIAL ("Designating Party") and include a copy of the subpoena or request (unless disclosure of the subpoena or request is prohibited by law or court order). The Subpoenaed Party shall promptly inform the party that issued the subpoena of the fact that the subpoenaed materials have been designated as confidential pursuant to the terms of this Protective Order. The Designating Party may intervene without opposition from the Subpoenaed Party to object to the production of the designated information. Unless and until such objections are overruled by the Court, or the Court otherwise orders production of the designated information, the Subpoenaed Party shall not produce or divulge the contents of the designated information. Nothing herein shall be construed as requiring the Subpoenaed Party, or any party, to challenge or oppose any court order requiring production of the designated information, or subject itself to the risk of sanctions or penalty arising from non-compliance with any such legal process or court order. If the Designating Party has not served a written objection within 30 days of notice of the subpoena, the Subpoenaed Party may produce the subpoenaed information.

19. <u>Return or Destruction of Designated Information</u>.

Upon final termination of this action (including any appeals), unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall destroy or return all Confidential Information designated as CONFIDENTIAL, including all copies (whether in the possession of the party, counsel, experts, or non-parties), extracts and summaries thereof, to the party from whom such designated Confidential Information was obtained, except that documents or copies which contain or constitute attorney's work product may be retained by counsel, or destroyed. If the Confidential Information is destroyed instead of returned, the party shall

provide confirmation to the designating party that the Confidential Information has been destroyed.

20. Privileged or Work Product Information.

The inadvertent production of any privileged information or information protected from disclosure by the work product doctrine, shall not be deemed a waiver or impairment of any claim or privilege or protection afforded to the information. Upon receiving written notice from the producing party that privileged or protected information has been inadvertently produced, the receiving party shall immediately return all such privileged or protected information, and all copies thereof, to the producing party. Such return shall be without prejudice to, and does not waive, any claim by the returning party that the returned document(s) are not protected by a privilege or protection, provided, however, that nothing contained in the returned document(s) shall be used by the returning party to establish the alleged lack of privilege or protection (although the party challenging the privilege or protection asserted may request an *in camera* inspection of the document(s) by the Court.

21. Waiver or Termination of Protective Order.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further order of this Court.

22. Modification of Protective Order; Prior Agreements.

This Protective Order may be modified, and any matter related to it may be resolved by written stipulation of the parties subject to approval of the Court.

23. <u>Continuing Jurisdiction</u>.

This Protective Order is ongoing and shall survive termination of this lawsuit. This Court shall retain jurisdiction to enforce this Protective Order even after termination of this lawsuit.

24. <u>Paragraph Captions</u>.

Title Captions for paragraphs in this Protective Order are for convenience only, and are not intended to affect or after the text of the paragraphs or the substance of the Protective Order.

Dated: July 27, 2012

_____
HON. CATHERINE D. PERRY

**EXHIBIT "A" TO PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CITIMORTGAGE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:12-cv-00246-CDP |
| CHICAGO BANCORP, INC. | ) ) |
| Defendant. | ) ) ) |

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I hereby acknowledge that I have received information in this case that has been designated as CONFIDENTIAL pursuant to the Stipulated Protective Order Under Federal Rule of Civil Procedure Rule 26(c) ("Protective Order") in this case. I have read the Protective Order and agree to its terms and conditions. I agree to be bound by the Protective Order in this case and handle all information designated as CONFIDENTIAL pursuant to the terms of the Protective Order. I consent to the jurisdiction of the United States District Court for the Eastern District of Missouri purposes of enforcing the Protective Order.

Dated this _____ day of _____, 20___.

_____