UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:12-CV-00246 CDP |
| CHICAGO BANCORP, INC., | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

As part of its Rule 26 disclosures, plaintiff produced to defendant loan documents that included redacted contact information for certain borrowers. The parties then stipulated to a protective order allowing plaintiff to unredact the contact information. I entered that order on December 4, 2012.

However, the unredacted borrower contact information remains subject to the general protective order previously entered in this case. As such, it is designated as "confidential," and under the terms of the protective order, cannot be used for any purpose other than in furtherance of this litigation.[1]

Defendant now seeks to amend the general protective order so it may use the contact information for another purpose: namely, so that it may pursue any claims

---

[1] (See Protective Order entered July 27, 2012, ¶ 4 ("...[N]o party or other person shall use or disclose any Confidential Information governed by this Protective Order for any purpose other than the prosecution, defense or settlement of the captioned action.")).

it has against the borrowers, "including using the borrowers' addresses for service of process." (Def.'s Mot. to Modify Protective Order, ¶ 5.)

Plaintiff opposes the motion, raising three objections. First, plaintiff points out that the language initially proposed by defendant was broader than necessary to achieve this limited additional use. Defendant adequately addresses this concern by proposing more restrictive language in its reply.

Second, plaintiff contends that defendant failed to comply with the "meet and confer" process set out in the general protective order before seeking relief from the court. Although the protective order itself does not actually require that the parties communicate before moving to modify its restrictions, counsel are always required to consult with one another before filing discovery motions. In this case, I conclude that the parties' pre-motion communication – or lack thereof – is not a sufficient reason to deny the modification, which is otherwise reasonable.

Finally, plaintiff argues defendant has not made the requisite showing that would entitle it to modify the protective order. Modification of a protective order is within the discretion of the trial court. *See Rogers v. Proctor & Gamble Co.*, 107 F.R.D. 351, 352 (E.D. Mo. 1985) (citing *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949 (8th Cir. 1979)). "Blanket" protective orders entered "without a showing of good cause for confidentiality as to any individual documents" are "peculiarly subject to later modification." *Public Citizen v. Liggett Group, Inc.*,

858 F.2d 775, 790 (1st Cir. 1988). *See also* MANUAL FOR COMPLEX LITIG., (FOURTH) § 11.432 (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986)).

In light of the breadth of the July 27 Order, which was entered without particularized showings of good cause for confidentiality, and the fact that allowing limited use of the borrower contact information outside this action will not prejudice plaintiff, I find there is good cause to modify the order.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to modify the protective order [# 26] is **GRANTED**. Paragraph 4 of the Protective Order entered July 27, 2012, is hereby modified and now states:

> Each party and all persons bound by the terms of this protective Order shall use any Confidential Information governed by this Protective Order only for the purposes of prosecution, defense or settlement of the captioned action or for prosecution or settlement of an action or claim by Chicago Bancorp, Inc. against a borrower to enforce a transaction that is a subject of the captioned action (including for service of process to do so); no party or other person shall use or disclose any Confidential Information governed by this Protective Order for any purpose other than a purpose permitted by the first clause of this sentence.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2013.