UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-00246 CDP |
| | ) | |
| CHICAGO BANCORP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action is before me on plaintiff CitiMortgage, Inc.'s motion for sanctions under Rule 37(b)(2), Fed. R. Civ. P.  CMI requests sanctions against defendant Chicago Bancorp, Inc., for its failure to provide a suitably prepared Rule 30(b)(6) deposition witness.  I find that Chicago Bancorp willfully failed to obey my order requiring it to produce a witness who could testify about certain topics.  Therefore, I will grant CMI's motion in part.

## I.   Applicable Federal Rules

### Federal Rule of Civil Procedure 30(b)(6)

Rule 30(b)(6) permits a party to notice a corporation or other entity as a deponent.  Such a notice must set forth "with reasonably particularity" the matters on which the examination is requested.  If a party chooses to send a Rule 30(b)(6) notice, the named entity "must then designate one or more officers, directors, or

managing agents, or designate other persons who consent to testify on its behalf."
*Id.* The person or people designated by the entity "must testify about information known or reasonably available to the **organization**." *Id.* (emphasis added).

As such, a Rule 30(b)(6) deponent "does not give his personal opinion. Rather, he presents the corporation's position on the topic." *Sprint Comms. Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006). The Rule 30(b)(6) deposition thus serves a unique function: it is a "sworn corporate admission that is binding on the corporation." *Buehrle v. City of O'Fallon*, 4:11CV509 AGF, 2011 WL 529922, at *3 (E.D. Mo. Feb. 8, 2011) (quoting *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 174 (D.D.C. 2003)); *see also Sprint Comms. Co.*, 236 F.R.D. at 527. A named entity may not take the position that its documents, responses to interrogatories, or other written discovery already produced is sufficient. *See Buehrle*, 2011 WL 529922, at *3 (collecting cases); *see also In re Vitamins*, 216 F.R.D. at 174 (it "is not up to [a defendant] to determine what discovery [a plaintiff] needs").

In *Alexander v. FBI*, the District of Columbia district court describes four duties that a designating entity must undertake once noticed of a Rule 30(b)(6) deposition. 186 F.R.D. 137, 141 (D.D.C. 1998). First, the entity has a duty to produce a knowledgeable witness. Second, if necessary to respond to the topics described with reasonably particularity in the notice, the entity must designate more

than one deponent.  Third, the designating entity "has a duty to prepare the witness to testify on matters not only known by the deponent, but those that should be reasonably known by the designating party."  Fourth, "the designating party has a duty to substitute an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry."  *Id.*; *FDIC v. Butcher*, 116 F.R.D. 196, 199 (E.D. Tenn. 1986) (corporation has duty "to make a conscientious good-faith endeavor" to choose knowledgeable deponent and to prepare deponent to "answer fully, completely, unevasively"); *see also Resolution Trust Corp. v. S. Union Co.* 985 F.2d 196, 197 (5th Cir. 1993) (appearance by unknowledgeable deponent "is, for all practical purposes, no appearance at all").

## *Federal Rule of Civil Procedure 37(b)(2)*

Under Rule 37(b)(2), a court may impose "just" sanctions against a party for failing to obey a discovery order.  Rule 37 sanctions "are an invaluable penalty and deterrent to be employed by district courts to thwart discovery abuse."  *First Am. State Bank v. Cont'l Ins. Co.*, 897 F.2d 319, 331 (8th Cir. 1990); *see also Comiskey v. JFTJ Corp.*, 989 F.2d 1007 (8th Cir. 1993) (Rule 37 sanctions "must be applied diligently" to penalize and deter).  Failing to provide a knowledgeable witness in response to a Rule 30(b)(6) notice is a sanctionable action under Rule 37(b)(2).  *See, e.g., Cedar Hill Hardware & Constr. Supply, Inc. v. Ins. Corp. of Hannover*, 563 F.3d 329, 345 (8th Cir. 2009).

## II.   <u>Discussion</u>

In this case, CMI sent to Chicago Bancorp a Rule 30(b)(6) resumption of deposition notice.  Chicago Bancorp objected and filed a motion for a protective order.  On March 21, 2013, I granted Chicago Bancorp's motion in part, but I also ordered its 30(b)(6) representative to respond to the remaining contested topics.[1]  The following month, Chicago Bancorp designated as its Rule 30(b)(6) witness its founder and president, Stephen Calk.[2]  CMI deposed Calk on April 29, 2013.

CMI has filed a copy of the deposition transcript, which makes clear that Calk was utterly unprepared to give testimony on the contested topics.  Though Chicago Bancorp had a duty to designate a knowledgeable Rule 30(b)(6) representative and to prepare that designee to testify, Calk stated that he had not reviewed the topics he was required to testify about, had not prepared for the deposition, and did not know he was supposed to testify on behalf of Chicago Bancorp; in fact, he testified, "I don't know why I'm here today."

One of the contested topics involved Chicago Bancorp's dissolution.  The portion of Topic 23 that I ordered Chicago Bancorp to respond to was:

> If Defendant is dissolved, the dissolution of Defendant, including the date of dissolution, the reasons for dissolution, when, how, and why Defendant made the decision to dissolve, . . .  any notices of dissolution given to creditors or potential creditors, and Defendant's articles of dissolution.

---

[1]  For purposes of this order, the "contested topics" are Topic 24 and the portion of Topic 23 I permitted in the March 21, 2013 order.
[2]  Calk is now also a defendant in this case.

Though this topic encompasses questions related generally to Chicago Bancorp's dissolution ("the dissolution of Defendant"), it also gives specific examples of the types of questions Chicago Bancorp could expect.  The deposition transcript shows that Calk was apparently so unprepared to testify that he could not provide answers to the most basic questions about Chicago Bancorp's dissolution, including the date the corporation dissolved and where it published notices about its dissolution. (Tr., 25:11–15; 40:12–13; 91:19–92:12; 93:22–94:1; 95:1–4; *see also, e.g.*, Tr. 43:9–17; 66:20–67:9; 68:8–10; 199:12–200:1; 201:3–5.)

Chicago Bancorp argues that it has provided these facts in its written responses to discovery, but this argument is unavailing.  These facts are examples of anticipated questions and do not limit the relevant information CMI attempted to elicit and was entitled to obtain at Calk's deposition.  Written discovery is not a substitute for a Rule 30(b)(6) deposition, and a corporation cannot choose to submit answers to a party's Rule 30(b)(6) deposition questions at some later date in a form it prefers.  *See Buehrle*, 2011 WL 529922, at *3; *Buycks-Roberson v. Citibank Fed. Savings Bank*, 162 F.R.D. 338, 343 (N.D. Ill. 1995) ("The Federal Rules . . . do not countenance self-selecting discovery by either party").

Chicago Bancorp also argues that "lack of preparation or combativeness of a [Rule 30(b)(6)] witness at a deposition are relevant to a sanctions motion if and only if they result in the examining party being deprived of information to which that

party is entitled." (Def.'s Resp., p. 6.) This statement betrays Chicago Bancorp's misunderstanding of the purpose of Rule 30(b)(6) and its duty to prepare its designated witness. The transcript is replete with testimony indicating that Calk had no idea he was Chicago Bancorp's designated witness.[3] When a Rule 30(b)(6) witness is as unprepared as Calk, the deposing party cannot determine whether it has been deprived of discovery to which it is entitled. *See United States v. J.M. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996) (requiring designated party to prepare for deposition is "necessary in order to make the deposition a meaningful one and to prevent the 'sandbagging' of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial"); *see also* Fed. R. Civ. P. 30(b)(6) advisory committee's note (rule "will curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it").

CMI was prejudiced because it was deprived of information to which it was entitled. Under the deposition notice and the Court's order, CMI was entitled to obtain information generally about Chicago Bancorp's dissolution and transfer of its assets. For example, Chicago Bancorp objects to a line of questioning about the assets listed in its 2012 tax return, but those questions were within the scope of the

---

[3] (*E.g.*, Tr., 6:10–18; 7:10–12; 7:23–8:1; 8:11–15; 8:21–23; 39:23–40:11; 46:13–17; 77:18–78:7; 80:7–81:5; 154:15–155:5; 161:9–15; 162:7–13; 165:17–20; 166:3–5; 202:15–20).

transfer of assets topic listed as Topic 24.  If Calk was not knowledgeable about the disposition of those assets, Chicago Bancorp had the duty to provide another witness.  *See Alexander v. FBI*, 248 F.R.D. at 317; *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 76 (D. Neb. 1995) (after designated witness proved to be unknowledgeable, corporation must "produce a more knowledgeable designee" if there was one).  Calk's responses to CMI's proper questions were almost entirely insufficient.  And if that were not bad enough, Chicago Bancorp now says (in its brief) that many of the answers he did give under oath were wrong.

Chicago Bancorp also contends that I should not consider the motion for sanctions because CMI did not "meet and confer" with Chicago Bancorp before filing it.  *See* Local Rule 37-3.04.  As CMI points out, Rule 37 does not require counsel to meet and confer before seeking sanctions.  *Lindstedt v. City of Granby*, 238 F.3d 933, 936 (8th Cir. 2000).

## III.  Conclusion

Because I explicitly ordered Chicago Bancorp to produce a Rule 30(b)(6) witness capable of testifying about the contested topics, it had "adequate notice of what [was] required." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992).  Chicago Bancorp's failure to prepare Calk to testify – or to produce a suitable substitute when Calk's lack of knowledge became apparent – amounts to a willful failure to obey a court order.  *See id.*  Therefore, it is just to grant in part

CMI's request for sanctions.  *See* Fed. R. Civ. P. 37(b)(2).   I will not hold Chicago Bancorp in contempt or impose more extreme sanctions at this time, but I will require it to pay the reasonable attorneys' fees and expenses that were unnecessarily incurred by CMI.

Finally, because there will be more depositions in this case, I warn defense counsel that behavior such as that demonstrated by the witness here is not acceptable in a deposition.  This witness refused to answer numerous questions (some of them by saying "Asked and answered," which is the same as refusing to answer), many of the answers he did give were evasive or non-responsive, and he attempted to engage the attorney taking the deposition in various inappropriate arguments.  Even if an attorney objects to a question, the attorney can only instruct the witness not to answer "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion" to terminate the deposition because it is being conducted unreasonably.  Rule 30(c)(2), Fed. R. Civ. P.  Counsel is warned that more serious sanctions may be imposed if this conduct persists.

Accordingly,

**IT IS HEREBY ORDERED** that Chicago Bancorp must produce a suitably prepared witness, or multiple witnesses, to testify to the topics permitted in my March 21, 2013 order.  That witness must appear at the offices of CMI's counsel in St. Louis, Missouri.  Though I will not find Chicago Bancorp in contempt at this

time, Chicago Bancorp is warned that I will consider striking its affirmative defense alleging CMI's breach of the implied covenant of good faith and fair dealing if it again fails to designate an appropriate witness.

**IT IS FURTHER ORDERED** that CMI may file two supplemental briefs: one in opposition to Chicago Bancorp's motion for partial summary judgment and one in support of CMI's motion for summary judgment, after the rescheduled Rule 30(b)(6) deposition takes place.  The parties must file a joint report no later than **August 12, 2013** informing the court of the date and time of the deposition.  Any supplemental brief from CMI must be limited to 10 pages and must be filed no later than 30 days following the date of the deposition.

**IT IS FINALLY ORDERED** that Chicago Bancorp must pay CMI's reasonable attorneys' fees and expenses associated with preparing for and taking the April 29, 2013 deposition (including travel expenses) and associated with pursuing the motion for sanctions.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 31st day of July, 2013.