IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CITIMORTGAGE, INC.,                            )
                                               )
                    Plaintiff,                 )
                                               )
        v.                                     )        Case No. 4:12-CV-00246-CDP
                                               )
CHICAGO BANCORP, INC., et al.,                 )
                                               )
                    Defendants.                )

**PLAINTIFF'S RENEWED MOTION FOR SANCTIONS AGAINST DEFENDANT
CHICAGO BANCORP, INC.**

Plaintiff, CitiMortgage, Inc. ("CMI") moves this Court, pursuant to Rule 37(b)(2)(A)(iii)

of the Federal Rules of Civil Procedure, for an order striking defendant Chicago Bancorp, Inc.'s

affirmative defense alleging that CMI breached the implied covenant of good faith and fair

dealing by demanding that Chicago Bancorp repurchase mortgage loans. The motion is based on

Chicago Bancorp's willful and continuing obstruction of discovery of facts surrounding the

defendants' scheme to avoid paying a judgment in this case by dismantling Chicago Bancorp,

during the pendency of the case and without informing CMI, and attempting to settle cheaply by

asserting that the company was judgment proof. As specific grounds for this motion, CMI states

as follows.

1.     The Court's Order of July 31, 2013, granted in part CMI's motion for sanctions

relating to the April 29, 2013, testimony of defendant Stephen Calk, as corporate representative

of CMI in a Rule 30(b)(6) deposition, on two topics specified by the Court in a March 21, 2013

Order issued in response to CMI's motion to compel (Topics 23 and 24). The July 31 Order

required defendant Chicago Bancorp, Inc. to "produce a suitably prepared witness, or multiple

witnesses, to testify to the topics permitted in my March 21, 2013 order." Doc. #167 at 8. The

order stated further: "Though I will not find Chicago Bancorp in contempt at this time, Chicago Bancorp is warned that I will consider striking its affirmative defense alleging CMI's breach of the implied covenant of good faith and fair dealing if it again fails to designate an appropriate witness."

2.      On September 26, 2013, defendant John Calk, testified as Chicago Bancorp's corporate representative on Topics 23 and 24 in the continuation of the Rule 30(b)(6) deposition, which the Court ordered as part of the sanctions in its July 31 Order.  Topics 23 and 24 are related to Chicago Bancorp's 2012 cessation of business operations, its dissolution, and the transfer of its assets to other entities.

3.      In his September 26 deposition, Mr. Calk revealed that Chicago Bancorp had in its possession but had not produced interim financial reports and other documents related to its secret dismantling, which the Court had ordered it to produce in a March 21, 2013, order entered on CMI's motion to compel.  The documents withheld are directly related to Topics 23 and 24 in the July 31 order and to Mr. Calk's assertion in the deposition of purported good-faith reasons for going out of business.

4.      Chicago Bancorp violated the Court's July 31 Order by failing to produce a witness who was prepared to testify accurately regarding aspects of Topics 23 and 24 that were contained in the withheld documents.  In particular, Mr. Calk testified falsely (i) that financial reports in the middle of 2012 demonstrated that Chicago Bancorp could not survive financially because increasing costs in a time of declining revenue had dramatically reduced profitability and (ii) that, as a result of this information, he gave the order to stop originating mortgages "around September" of that year.

5.    On October 21, 2013, Chicago Bancorp made a supplemental document production in response to CMI's post-deposition demand, which included mid-year financial reports that showed Chicago Bancorp's costs were down and its revenue and profitability were up relative to the same point in 2011, in direct contradiction of Mr. Calk's September 26 assertions.   Another document that Chicago Bancorp produced in April, in response to the Court's March 21 Order, contradicts Mr. Calk's assertion that he first ordered employees to stop originating loans in September 2012. Mr. Calk either did not review these files in preparation for his deposition (and came up with a self-serving explanation based on some vague and inaccurate recollection); or he was aware of the facts and deliberately misrepresented them.

6.    Mr. Calk gave vague and largely useless testimony on other aspects of the dismantling of Chicago Bancorp, which could not be assisted or challenged with documents because other documents relevant to those issues were not produced in response to the March 21 Order.  Chicago Bancorp produced only a few such documents on October 21, and CMI suspects that the document production the Court ordered on March 21 still is incomplete.  Chicago Bancorp has not provided CMI with any documents or has provided it with only one or two documents of types that any properly run company would have (*e.g.,* board resolutions and minutes, communications with lenders regarding the termination or transfer of the credit relationship, general ledger entries showing disposition of assets when a company is dissolved).

7.    This continuing, willful, and bad faith obstruction of discovery in flagrant violation of two discovery orders of this Court was intended to keep CMI from proving Chicago Bancorp's bad faith in the parties' motions for summary judgment.  The belated and apparently still incomplete production on October 21, which occurred only after Mr. Calk was forced to

3

disclose the existence of these documents that Chicago Bancorp previously claimed did not exist, does not cure Chicago Bancorp's prior misconduct in withholding them.

WHEREFORE, for the reasons stated above and in the Memorandum in Support filed herewith, Plaintiff, CitiMortgage, Inc., requests that the Court find Chicago Bancorp in contempt and grant CMI's renewed motion for sanctions by imposing the severest sanctions available, including, under Rule 37(b)(2)(A)(iii), the "striking pleadings in whole or in part" and such other and further relief as the Court deems proper.

Dated:  October 28, 2013                                Respectfully submitted,

                                                        **BRYAN CAVE LLP**

                                                        By:    /s/ Louis F. Bonacorsi
                                                               Louis F. Bonacorsi, #28331MO
                                                               lfbonacorsi@bryancave.com
                                                               Ketrina G. Bakewell, #33410MO
                                                               ketrina.bakewell@bryancave.com
                                                               Stephen R. Snodgrass, #29017MO
                                                               srsnodgrass@bryancave.com
                                                               211 North Broadway, Suite 3600
                                                               St. Louis, MO 63102
                                                               (314) 259-2000
                                                               (314) 259-2020 (facsimile)

                                                        *Attorneys for Plaintiff CitiMortgage, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 28th day of October, 2013, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which I understand will send notification of such filing to all counsel of record:, and a courtesy copy was sent by electronic transmission, to the following counsel of record:

Daniel S. Hefter
**HEFTER LAW, LTD.**
22 W. Washington
Suite 1500
Chicago, IL 60602
(312) 264-6565 (phone)
(312) 854-8001 (fax)

Mark E. Goodman
Drey A. Cooley
**CAPES, SOKOL, GOODMAN
& SARACHAN, P.C.**
7701 Forsyth Blvd.
Twelfth Floor
St. Louis, MO 63105
(314) 505-5430 (phone)
(314) 721-0554 (fax)

*Attorneys for Defendant Chicago Bancorp*

Evan Z. Reid
R. Taylor Matthews , III
**LEWIS RICE & FINGERSH**
600 Washington Avenue
Suite 2500
St. Louis, MO 63101
(314) 444-7889 (phone)
(314) 612-7889 (fax)

*Attorneys for Defendants John T. Calk, Stephen M. Calk, The Federal Savings Bank, and National Bancorp Holdings, Inc.*

/s/ Louis F. Bonacorsi