UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12 CV 246 CDP |
| | ) | |
| CHICAGO BANCORP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

This action is before the court on a motion to reconsider filed by four defendants recently dismissed: The Federal Savings Bank, National Bancorp Holding, Inc., and John and Stephen Calk. These defendants request that I reconsider my order granting plaintiff CMI's motion to voluntarily dismiss them from this case. *See* Fed. R. Civ. P. 41(a)(2). For the reasons stated below, I will deny the motion.

CMI initially instituted this suit against Chicago Bancorp for breach of a contract concerning the sale of defective mortgage loans. On July 2, 2013, the court allowed CMI to add veil-piercing-type claims against four additional defendants upon a showing that Chicago Bancorp had become insolvent, or nearly so, by fraudulently transferring its assets to these other persons and entities.

A year later, on August 19, 2014, CMI moved to dismiss those additional claims and parties. Its stated reason for its motion was that, in the interim, it had brought a second suit against Chicago Bancorp concerning another group of allegedly defective mortgage loans. CMI had decided to take Chicago Bancorp at its word that it would retain enough assets to pay a fully unfavorable judgment in this case and would pursue the additional defendants in the second suit, which could result in a potentially much larger judgment (which, it claimed, there is no evidence Chicago Bancorp has the assets to pay). CMI argued that the dismissal would therefore serve judicial economy by litigating the veil-piercing-type claims only where they could directly impact the collectability of a judgment.

The additional defendants vehemently opposed the Rule 41(a)(2) motion and continue to do so now. They argue that CMI has other, less appropriate reasons for seeking the voluntary dismissal. For one, they say, CMI seeks a more favorable forum. Although CMI prevailed on many of its claims at the summary judgment stage, I found issues of fact preventing judgment on several claims. The additional defendants argue that even this minor setback is unprecedented in a case of this type, and so CMI has balked at bringing the additional claims here.

Second, the voluntary dismissal motion came just ten days before the close of discovery. The additional defendants speculate that because CMI failed to conduct any discovery on the additional claims during the year they were pending

in this court, it wanted more time to do so somewhere else. Further, the additional defendants point out that they had just served discovery on CMI concerning the additional claims, including a Rule 30(b)(6) notice, which CMI had protested vigorously. Dismissing the claims, say the defendants, allowed CMI to avoid producing its corporate witness in a timely fashion and otherwise providing responses to discovery to which the additional defendants are legally entitled.

## I. Motion for Reconsideration

The Federal Rules of Civil Procedure generally do not set standards for a court to analyze a motion to reconsider. In this case, the defendants did not bring their motion pursuant to a particular rule. Nonetheless, Rule 54(b) "governs reconsideration of orders that do not constitute final judgments in a case." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). Under Rule 54(b), an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and responsibilities." Because the voluntary dismissal here "adjudicate[d] fewer than all the claims" and applied to "fewer than all the parties," it is interlocutory and may be modified "any time prior to the entry of judgment." *K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1117 (8th Cir. 2007).

District courts have substantial discretion in deciding whether to reconsider an interlocutory order under Rule 54(b). *Wells' Dairy, Inc. v. Travelers Indem. Co.*

*of Illinois*, 336 F. Supp. 2d 906, 909 (N.D. Iowa 2004).  However, motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

Here, the additional defendants classify as new evidence an email exchange between the parties' attorneys.  The exchange allegedly reveals that CMI's "real purpose" to dismiss the additional defendants was to "fix its lack of diligence" in conducting discovery on the veil-piercing-type claims.  Even read generously, the email exchange does not demonstrate CMI's illicit motive for dismissing the additional defendants.  But no matter its import, the email exchange is not new evidence.  CMI submitted it as an exhibit to its motion for a protective order against the Rule 30(b)(6) notice on August 28.  (*See* Doc. 217-3.)  It was before the court when I considered the parties' positions and allowed CMI to dismiss the additional defendants five days later, on September 2.  *See Harris v. Moore*, 2:04CV73 ERW, 2008 WL 880006, at *2 (E.D. Mo. Mar. 28, 2008) (motion to reconsider denied where court reviewed the portions of deposition testimony highlighted by moving party but did not find any new evidence not already presented to court).

Even if this email exchange properly supported the additional defendants' motion to reconsider, the motion would fail.  In determining whether to permit a plaintiff to voluntarily dismiss claims under Federal Rule of Civil Procedure

41(a)(2), a court must consider "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013).

The additional defendants rely on *Donner* to support their argument that voluntary dismissal should be denied if a party's "real reason" is to seek a more favorable forum. In *Donner*, a Missouri citizen who contracted pulmonary fibrosis from working with aluminum sued Alcoa, the out-of-state manufacturer of the aluminum. *Id.* at 695. He did not sue his employer factory; instead, he elected to receive workers' compensation benefits. When a Missouri appellate court decided a case allowing a similar employee to elect to sue his employer rather than receive workers' comp benefits, the citizen moved to voluntarily dismiss his suit so he could sue both the employer factory and Alcoa in state court. The addition of the factory, also a Missouri citizen, would have destroyed federal diversity jurisdiction.

The district court permitted the employee to voluntarily dismiss, but the Eighth Circuit reversed. The Circuit Court held that the district court had abused its discretion by failing to consider if the claim against the factory was legally viable. In fact, it was not, because the citizen had already elected to receive workers' comp benefits, and so the Missouri appellate case was inapposite. The

court held that the "overall circumstances" – including some suspicious timing and "an attempt to advance a nonviable claim" – suggested strongly that the citizen's motive was "merely to seek a more favorable forum." *Id.* at 699.

Here, the additional defendants do not suggest – nor could they – that CMI's claims are nonviable in the second case. Whatever CMI's surreptitious motivation for wishing to dismiss its additional claims, the relevant factors are accounted for. *See Mullen v. Heinkel Filtering Systems, Inc.*, -- F.3d ----, 2014 WL 5353924 (8th Cir. Oct. 22, 2014) (though adverse ruling on deadline extension "may have precipitated the motion for voluntary dismissal," dismissal was still appropriate). I continue to believe that a full presentation of the veil-piercing-type claims is more appropriate in the second suit, where they are more central to the dispute. Far from wasting judicial time and effort, the dismissal serves economy by streamlining the adjudication of these claims; they need only be presented once rather than twice. Finally, it is true that CMI could have voluntarily dismissed these claims earlier. But the additional defendants are not legally prejudiced by the dismissal by having to re-serve their discovery requests or defend these claims in a second action. *See Mullen*, 2014 WL 5353924 (citing *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)); *see also Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979) (party opposing dismissal must provide "more than a showing that [moving party] will gain a tactical advantage by his action").

## II. Alternative Motion to Certify Issue for Interlocutory Appeal

Under 28 U.S.C. § 1292, a court certifies for immediate appeal an order not otherwise appealable if it is of the opinion "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Courts should grant permission to allow interlocutory appeals "sparingly and with discrimination" because "most often such appeals result in additional burdens on both the court and the litigants." *Union Cnty., Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994)). The party seeking an interlocutory appeal "bears the heavy burden of demonstrating the case is an exceptional one in which immediate appeal is warranted." *Id.* A lack of precedent directly addressing the issue in dispute does not constitute substantial ground for difference of opinion. *Union Cnty.*, 525 F.3d at 647.

Here, interlocutory appeal under Section 1292(b) is not appropriate. Chicago Bancorp argues that the controlling question of law at issue here is "whether a demonstrably false reason" is sufficient to support voluntary dismissal under Rule 41(a)(2). But the email exchange submitted by Chicago Bancorp simply does not show that CMI's stated reasons for voluntary dismissal are

"demonstrably false." As such, its alternative motion to certify this order for immediate appeal is denied.

## III. Surreply

CMI moved to file a surreply on Chicago Bancorp's motion to reconsider, which Chicago Bancorp opposes. I do not usually permit surreplies, and I agree with Chicago Bancorp that CMI's proposed surreply was duplicative, so it is neither necessary nor helpful. I did not consider it in ruling on the motion to reconsider.

Accordingly,

**IT IS HEREBY ORDERED** that additional defendants' motion for reconsideration [#221] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file surreply [#229] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2014.