UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV246 CDP |
| | ) | |
| CHICAGO BANCORP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This action is before the court on plaintiff Citimortgage's bill of costs and defendant Chicago Bancorp's motion to stay enforcement of the judgment while it appeals upon posting of a supersedeas bond. I will award CMI the full amount of costs it has sought, grant Chicago Bancorp's request to set a reduced bond, and stay enforcement of the final judgment while Chicago Bancorp appeals.

## I.  Bill of Costs

After winning a partial summary judgment and voluntarily dismissing the remainder of its claims, CMI filed a bill of costs to be taxed against Chicago Bancorp. Chicago Bancorp objected. *See* L.R. 54-8.03(A). Chicago Bancorp does not dispute that CMI is the "prevailing party" in this action and is therefore eligible to receive costs. *See* Fed. R. Civ. P. 54(d)(1). It also appears to accept that the costs sought by CMI are permitted under 28 U.S.C. § 1920, which enumerates

taxable costs. However, Chicago Bancorp argues that the costs should be proportionally reduced because CMI achieved only a partial victory.

Rule 54(d)(1) provides that taxable costs "should be allowed to the prevailing party." *See In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) (noting that Rule 54 creates a presumption in favor of awarding costs). To avoid an award of costs, the losing party must show that it would be "inequitable under the circumstances." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002); *see also Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013) (district court ultimately has discretion over cost award).

Having considered Chicago Bancorp's argument, I conclude that its rationale is not compelling enough to overcome the presumption in favor of awarding costs. A partially successful party is still a "prevailing party." *See* 10 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2667 (3d ed. 1998). CMI here secured summary judgment on the majority of its claims, and its request for costs appropriately includes only items enumerated in Section 1920. *See Concord Boat*, 309 F.3d at 398 (there is a "strong presumption" that a prevailing party recover its taxable costs "in full measure") (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000)). I will award the full amount of costs it requests.

## II. Motion for Approval of Supersedeas Bond

Chicago Bancorp has appealed. It seeks to post a supersedeas bond so enforcement of the judgment will be stayed while the appeal is pending. *See* Fed. R. Civ. P. 62(d). "[T]he purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution and . . . a full supersedeas bond should be the requirement in normal circumstances." *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). The bond will usually include the principal amount of the judgment, anticipated interest on the judgment, and costs. *See Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting–Paramount Theatres, Inc.*, 87 S.Ct. 1, 3 (1966).

In unusual circumstances, however, courts have discretion to require a lesser bond or no bond at all. *Miami Int'l Realty*, 807 F.2d at 873; *see also United States v. Mansion House Ctr. Redevelopment Co.*, 682 F. Supp. 446, 449 (E.D. Mo. 1988). Here, Chicago Bancorp has demonstrated unusual circumstances. Without addressing CMI's ultimate right to recover the repurchase price on the Brown loan, its conduct related to the property securing that loan is troubling. In light of this unusual situation, I will grant Chicago Bancorp's motion and set the amount of the supersedeas bond at $1,104,975.19 for the reasons stated in its motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for bill of costs [#239] is granted. The Clerk of Court shall tax the following costs in favor of Citimortgage, Inc. and against Chicago Bancorp, Inc.:

| | |
|---|---|
| Fees of the Clerk | $85 |
| Fees for transcripts necessarily obtained | $11,491.20 |
| Fees for exemplification | $424.80 |
| Docket fees | $350 |
| ***TOTAL TAXABLE COSTS*** | ***$12,351*** |

**IT IS FURTHER ORDERED** that:

Defendant's motion for setting and approval of supersedeas bond [#244] is granted.

Defendant Chicago Bancorp shall post a supersedeas bond in the amount of $1,104,975.19.

The execution of judgment will be STAYED only upon posting of the supersedeas bond.

*/s/ Catherine D. Perry*
UNITED STATES DISTRICT JUDGE

Dated this  30th  day of March, 2015.